# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GLORIA ALONSO, on behalf of herself and all others similarly situated, | Civil Case Number: _____ |
| Plaintiff(s), | **CIVIL ACTION** |
| -against- | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| ALLTRAN FINANCIAL, LP. and JOHN DOES 1-25, | |
| Defendant(s). | |

Plaintiff, GLORIA ALONSO, on behalf of herself and all others similarly situated (hereinafter "Plaintiff") by and through her undersigned attorney, alleges against the above-named Defendants, ALLTRAN FINANCIAL, LP ("ALLTRAN"), and JOHN DOES 1-25 ("Defendants") their employees, agents, and successors (collectively "Defendants") the following:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages and declaratory relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6. Plaintiff is a natural person, a resident of Hudson County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. ALLTRAN maintains a location at 5800 North Course Drive, Houston, Texas, 77072.

8. Upon information and belief, ALLTRAN uses the mail, internet, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. ALLTRAN is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10. John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters

and/or notices from the Defendants, which are in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class is initially defined as:

- All New Jersey consumers who were sent letters and/or notices from ALLTRAN concerning a debt owed to Citibank, N.A. THE HOME DEPOT, between September 29, 2016 and September 29, 2017, which included the alleged conduct and practices described herein.
- <u>The class definition may be subsequently modified or refined</u>.
- <u>The Class period begins one year to the filing of this Action</u>.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice. (*See* **Exhibit A**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);
- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

> a. Whether the Defendants violated various provisions of the FDCPA including but not limited to:
>
> 15 U.S.C. §§ 1692g *et seq.*, and 1692e *et seq.*
>
> b. Whether Plaintiff and the Class have been injured by the Defendants' conduct;
>
> c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and
>
> d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would

engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendants' conduct is allowed to proceed without remedy, it will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

**STATEMENT OF FACTS**

14. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. At some time prior to September 29, 2017, Plaintiff allegedly incurred a financial obligation to Citibank, N.A. THE HOME DEPOT ("CITIBANK").

16. The CITIBANK obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17. The CITIBANK obligation did not arise out of a transaction that was for non-personal use.

18. The CITIBANK obligation did not arise out of a transaction that was for business use.

19. The CITIBANK obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

20. CITIBANK is a "creditor" as defined by 15 U.S.C. § 1692a(4).

21. On or before September 29, 2017, the CITIBANK obligation was referred to ALLTRAN for the purpose of collection.

22. At the time the CITIBANK obligation was referred to ALLTRAN the CITIBANK obligation was past due.

23. At the time the CITIBANK obligation was referred to ALLTRAN the CITIBANK obligation was in default pursuant to the terms of the agreement creating the obligation and/or by operation of law.

24. ALLTRAN caused to be delivered to Plaintiff a letter dated September 29, 2017, which was addressed to Plaintiff. A copy of said letter is annexed hereto as **Exhibit A**, which is fully incorporated herein by reference.

25. The September 29, 2017 letter was sent to Plaintiff in connection with the collection of the CITIBANK obligation.

26. The September 29, 2017 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

27. The September 29, 2017 letter is the initial written communication sent from ALLTRAN to the Plaintiff.

28. Upon receipt, Plaintiff read the September 29, 2017 letter.

29. The September 29, 2017 letter contained the Defendant's contact information at the top right of the letter:

## Alltran Financial, LP

| |
|---|
| Date: September 29, 2017 |
| Creditor:  Citibank, N.A. |
|             THE HOME DEPOT |
| Account: XXXXXXXXXXXXX9578 |
| Alltran ID: XXXX0653 |
| Total Balance as of September 29, 2017:  $1,766.19 |
| Minimum Payment Due as of September 29, 2017: $378.00 |
| Telephone :   877-208-9904,  ext 9331 |
| Partial Account Number for your Security |

30.   The September 29, 2017 letter stated in part:

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within the thirty day period that the debt, or any portion thereof, is disputed, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you the name and address of the original creditor, if different from the current creditor.

31.   The September 29, 2017 letter also stated directly below the above paragraph:

We want to help you resolve this account.  If you wish to discuss your account, please call JOHN M. WILLIAMS at 877-208-9904 extension 9331, so we may assist you.

Because your account continues to accrue interest and may accrue late and other charges on all owed balances pursuant to your agreement with your creditor, the Total Balance on the date you pay *may* be greater.  If so, we will contact you.  For *further information about your balance, please call your account representative*. [emphasis added].

32.   The signature box in September 29, 2017 letter stated:

Sincerely,

       JOHN M. WILLIAMS
       877-208-9904, ext. 9331
       Alltran Financial, LP

>P.O. Box 722910
>HOUSTON, TX 77272-2910

33. Section 1692g(a)(1) and (3) of the FDCPA requires to debt collector to:

>Within five days after the initial communication with a consumer in connection with the collection of any debt… send the consumer a written notice containing ---
>
>(1)   the amount of the debt;
>
>(3)   a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

34. The September 29, 2017 letter, fails to identify the "other charges" which may accrue and become owed. Simple stating that "pursuant to agreement with your creditor" is unclear as to whether the additional charges were already included in the balance and thus violated 15 U.S.C. §1692g(a)(1) as  matter of law. _Carlin v. Davidson Fink, LLP_, 852 F.3d 207, 216 (2d. Cir. 2017)

35. A dispute of a debt, to be effective, in the Third Circuit, must be in writing. _Graziano v. Harrison_, 950 F.2d 107, 112 (3d Cir. 1991). _Caprio v. Healthcare Revenue Recovery Group_, 709 F.3d 142 (3d Cir. March 1, 2013).

36. The September 29, 2017 letter provides a toll-free telephone number of 877-208-9904, ext. 9331, in four (4) different locations on the single page letter.

37. ALLTRAN knew or should have known that its actions violated the FDCPA.

38. Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

39. It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

   (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

   (b) Failing to provide the consumer with a proper notice pursuant to 15 U.S.C. §1692g(a)(1);

   (c) Failing to provide the consumer with a proper notice pursuant to 15 U.S.C. §1692g(a)(3); and

   (d) Using a false representation of the amount of the debt.

40. On information and belief, Defendants have sent written communications in the form annexed hereto as **Exhibit A**, to at least 40 natural persons in New Jersey with one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*.  VIOLATIONS

41. Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

42. Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

43. The September 29, 2017 letter fails to properly inform the least sophisticated consumer that to effectively dispute the alleged debt, such dispute *must* be in writing.

44. The least sophisticated consumer upon reading the September 29, 2017 letter would be confused as to what he or she must do to effectively dispute the alleged debt.

45. The least sophisticated consumer wishing to dispute the alleged debt would be confused as to what steps he or she should take to notify Defendant of his or her dispute.

46. The least sophisticated consumer upon reading the instructions in the September 29, 2017 letter would be misled into believing that if she wished to effectively dispute the alleged debt or any portion thereof, he or she may (1) notify ALLTRAN by calling JOHN M. WILLIAMS, the account representative assigned to her account at the toll-free telephone number provided of 877-208-9904 ext. 9331: or (2) write to ALLTRAN at the address listed on the letter.

47. Defendants' instructions in the September 29, 2017 letter would cause least sophisticated consumer to be unsure as to what she must do to effectively dispute the alleged debt.

48. A dispute of a debt, to be effective, in the Third Circuit, must be in writing. *Graziano v. Harrison*, 950 F.2d 107, 112 (3d Cir. 1991). *Caprio v. Healthcare Revenue Recovery Group*, 709 F.3d 142 (3d Cir. March 1, 2013).

49. ALLTRAN violated 15 U.S.C. §1692g(a)(3) by failing to effectively inform Plaintiff in the September 29, 2017 letter, what she must do in order to dispute the alleged debt.

50. Defendants violated 15 U.S.C. §1692e(10) by falsely representing and misleading Plaintiff into believing that if she wished to dispute the alleged debt or any portion thereof, that she may (1) notify ALLTRAN by calling JOHN M. WILLIAMS, the account representative assigned to her account at the toll-free telephone number provided of 877-208-9904 ext. 9331: or (2) write to ALLTRAN at the address listed on the letter.

51. The September 29, 2017 letter is misleading because the instructions can be read to have two or more meaning, which one is inaccurate.

52. The September 29, 2017 letter can be read to mean that the least sophisticated consumer may dispute the alleged debt by calling JOHN M. WILLIAMS, the account representative assigned to her account at the toll-free telephone number provided of 877-208-9904 ext. 9331.

53. The September 29, 2017 letter can be read to mean that the least sophisticated consumer may dispute the alleged debt by notifying ALLTRAN in writing at the address provided.

54. ALLTRAN violated Section 1692g(a)(1) of the FDCPA by failing to effectively convey the amount of the Alleged Debt. Specifically, Defendant's Collection Letter represents that the amount of the Alleged Debt will accrue interest and *may* accrue late and "other" charges on all owed balances as provided in Plaintiff's agreement with the creditor, yet fails to identify the parameters and/or nature of the interests and potential late or "other" charges, thereby rendering the amount of the Alleged Debt and its genesis unclear. *See, e.g., Gesten v. Phelan Hallinan, PLC*, 57 F. Supp. 3d 1381, 1389 (S.D. Fla. 2014)(finding collection letter violated 15 U.S.C. § 1692g(a) as a matter of law where "the letter […] informs Plaintiff that 'interest and other items will continue to accrue,' [but] the letter neither states the interest rate nor identifies these 'other items.'"); *Weiss v. Zwicker & Assocs., P.C.*, 664 F. Supp. 2d 214, 217 (E.D.N.Y. 2009) (finding that the language, "balance may include additional charges including delinquency charges, as applied at the direction of American Express, if said charges are permissible in accordance with the terms of [the parties'] agreement" was unclear as to whether the additional charges were already included in the balance and thus violated 15 U.S.C. § 1692g(a)(1) as a matter of law); *Carlin v. Davidson Fink LLP*, 852 F.3d 207, 216 (2d Cir. 2017)("a statement is incomplete where, as here, it omits information allowing the least sophisticated consumer to

determine the minimum amount she owes at the time of the notice, what she will need to pay to resolve the debt at any given moment in the future, and an explanation of any fees and interest that will cause the balance to increase.")

55. ALLTRAN violated Section 1692e(2)(A) of the FDCPA by representing the amount of the debt in the letter September 29, 2017, in a form susceptible to two reasonable different interpretations, at least one of which is inaccurate.

56. ALLTRAN violated Section 1692e(2)(A) of the FDCPA by falsely representing the amount of the debt without clearly stating whether the "other charges" are already included in the "Total Balance" as of September 29, 2017.

57. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

58. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

59. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

60. Plaintiff and others similarly situated were sent letters, which would have affected their decision-making with regard to the debt.

61. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

62. Plaintiff has suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the attorney(s), Joseph K. Jones, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: January 27, 2018

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.
JONES, WOLF & KAPASI, LLC
375 Passaic Avenue
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
jkj@legaljones.com

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: January 27, 2018

*/s/ Joseph K. Jones*
Joseph K. Jones, Esq.

# Exhibit A

**Alltran Financial, LP**

PO BOX 4044
CONCORD CA 94524-4044

September 29, 2017

ADDRESS SERVICE REQUESTED

Gloria Alonso

---

Date: September 29, 2017
Creditor: Citibank, N.A.
         THE HOME DEPOT
Account: XXXXXXXXXXXX9578
Alltran ID: 0653
Total Balance as of September 29, 2017: $1,766.19
Minimum Payment Due as of September 29, 2017: $378.00
Telephone: 877-208-9904, ext 9331
Partial Account Number for Your Security

Alltran Financial, LP
PO BOX 722910
HOUSTON TX 77272-2910

Please detach at perforation and return with your payment.

Your Account has been Referred to this Office for Collection.

Please remit the Minimum Payment Due, payable to our client, in the enclosed envelope.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within the thirty day period that the debt, or any portion thereof, is disputed, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you the name and address of the original creditor, if different from the current creditor.

We want to help you resolve this account. If you wish to discuss your account, please call JOHN M WILLIAMS at 877-208-9904 extension 9331, so we may assist you. As of the date of this letter you owe the amount stated above. Because your account continues to accrue interest and may accrue late and other charges on all owed balances pursuant to your agreement with your creditor, the Total Balance on the date you pay may be greater. If you pay the Total Balance above, an adjustment may be necessary after we receive your payment. If so, we will contact you. For further information about your balance, please call your account representative.

**Looking for a secure and more convenient way to pay your account?** Make payments with your Debit Card using your mobile phone or other electronic device at www.oursecurepayment.com to take advantage of this simple and free service available 24 hours a day.

This communication is from a debt collector. We are required to inform you that this is an attempt to collect a debt, and any information obtained will be used for this purpose.

Sincerely,

JOHN M WILLIAMS
877-208-9904, ext 9331
Alltran Financial, LP
P.O. Box 722910
HOUSTON TX 77272-2910

> If you write to us and ask us to stop communicating with you about this debt, we will, but if you owe this debt, you will still owe it and the debt may still be collected from you. If you have a complaint about the way we are collecting this debt, you may write to our Contact Center, 5800 North Course Drive, Houston, TX 77072 or call our toll-free Complaint Hotline at (800) 326-8040 between 7 AM and 4 PM (Central Time) Monday-Friday.

Telephone: 877-208-9904, ext 9331

Office Hours (all times Central)
Monday-Thursday: 8 AM to 9 PM • Friday: 8 AM to 4 PM • Saturday: 7 AM to 11 AM

¡Traducción en español al lado reverso!